**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-22030-GAYLES**

**BRIDLINGTON BUD LTD,**

      **Plaintiff,**

**v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

      **Defendants.**

_____/

**ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS**

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"). [ECF No. 9]. This is a federal trademark infringement and counterfeiting case in which Plaintiff alleges that Defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing and/or using what Plaintiff has claimed are counterfeits and infringements of Plaintiff's registered trademark.

In the Motion, Plaintiff requests an order authorizing alternative service of process on the Defendants in this action "via email and via web publication." [ECF No. 9 at 2]. Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendants, who reportedly reside in or operate from The People's Republic of China ("China") and have established Internet-based businesses and utilize electronic means as reliable forms of contact. *Id.*; [ECF No. 9-1 ¶¶ 5–6].

1

Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

The Court finds that alternative service of process under Rule 4(f)(3) is warranted, and the means of service proposed by Plaintiff are acceptable. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), the Hague Convention does not specifically preclude service by e-mail and website posting. The Court notes that China has declared that it opposes to the alternative means of service outlined in Article 10 of the Hague Convention. *See* [ECF No. 9-1 at ¶ 10]. However, the objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. *Id*. Where a signatory nation to the Hague Convention has objected to an alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such e-mail or website posting. *Stat Med. Devices, Inc. v.*

*HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to one means of service under the Hague Convention "does not equate to an express objection" to other means of service). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service if the signatory nation at issue has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Additionally, due process is not offended by the proposed methods of service. Each Defendant uses at least one known and valid form of electronic contact, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts. Therefore, service via e-mail and website posting is "reasonably calculated, under all circumstances, to apprise . . . [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, [ECF No. 9], is **GRANTED**. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summonses, Complaint, and other relevant filings in this matter upon Defendants:

   a. by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail addresses provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses, onsite

contact forms, and private messaging applications and/or services, or via the e-commerce platform e-mail for each of the e-commerce stores; **and**

b.  by posting a copy of the Summonses, Complaint, and all filings and discovery in this matter on Plaintiff's designated serving notice website appearing at https://cloud.palmerlawgroup.com/index.php/s/D1sGTaUoCEHPm5m.

2.  This case is **CLOSED** for administrative purposes pending service on Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of April 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4

**Schedule A Defendants**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | ANTOO Kitchen Mall | https://www.walmart.com/global/seller/102733191 |
| 2 | fengzhenshhop | https://www.walmart.com/global/seller/103084920 |
| 3 | xianqian | https://www.walmart.com/global/seller/103091005 |
| 4 | Peiwengshop | https://www.walmart.com/global/seller/103088292 |
| 5 | lingzhuo | https://www.walmart.com/global/seller/102748820 |
| 6 | Stnapral | https://www.walmart.com/global/seller/102903903 |
| 7 | DailyEdge Shop | https://www.walmart.com/global/seller/102914045 |
| 8 | Jtauy | https://www.walmart.com/global/seller/102789722 |
| 9 | EcoShop Sphere | https://www.walmart.com/global/seller/102816943 |
| 10 | AuraBazaar | https://www.walmart.com/global/seller/102762051 |
| 11 | Myvepuop Home textiles Mall | https://www.walmart.com/global/seller/101628802 |
| 12 | Hengshu | https://www.walmart.com/global/seller/101636257 |
| 13 | Raoguiyun clothing | https://www.walmart.com/global/seller/101640994 |
| 14 | CBDElite | https://www.walmart.com/global/seller/102478920 |
| 15 | AstraShop | https://www.walmart.com/global/seller/102737355 |
| 16 | Dblossom | https://www.walmart.com/global/seller/102828225 |
| 17 | Alinwnia | https://www.walmart.com/global/seller/102507741 |
| 18 | ksjendis | https://www.walmart.com/global/seller/102843135 |
| 19 | HeGuanBaiHuo | https://www.walmart.com/global/seller/102897277 |
| 20 | ggdgfg | https://www.walmart.com/global/seller/102921090 |